## No. 192

### H. BLUM & CO. v. LANDAU

Ohio Appeals 8th Dist., Cuyahoga Co.

No. 7702. Decided Dec. 13, 1926

297. CONTRACTS—Where contract is made between manufacturer's association and Union, which was for the benefit of the employees of a concern which is a member of the Association, such contract is valid and enforceable by the employee, although her name does not appear in the agerement.

**First Publication of this Opinion**

SULLIVAN, J.

Rose Landau recovered a money judgment for wages due against H. Blum & Co. under the terms of an agreement entered into in 1921 between the Cleveland Garment Mfg. Association and the International Ladies Garment Workers Union. Under this agreement, it became a continuing contract, automatically renewable at the end of each year, and under the record it was also made for the benefit of third parties, to wit: the employees of the Cleveland Manufacturer's Assn., of which Landau was one, through the Blum Co.

Error was prosecuted by the Blum Co. and some of the errors assigned are: that the renewal of the agreement was within the statute of frauds; that it was not in writing and therefore not binding upon the Blum Co. The Court of Appeals held:

1. It appears that, for the purpose of preventing strikes and lockouts in the garment trade throughout the country, a plan was crystallized into a working agreement between the manufacturers and the unions resulting in the contract between the Association and the Union.

2. By Article 13 of the agreement, the renewals year by year were automatic, subject only to the right of either party to terminate it on December 31st of any year by giving written notice at least three months before the end of such year.

3. By the requirements of the agreement, it is clear that to terminate the agreement and prevent its automatic existence and continuance, affirmative action is required of that member of the Association withdrawing, or else acquiescence.

4. There is no evidence of any compliance by Blum & Co. with this Article, with respect to the written notice or any other notice of any character whatsoever prior to October 1st, which would be the date intended by the three months stipulation.

5. Blum's attitude was not one of terminating or withdrawing from a contract; but it establishes a status of acquiescence and ratification; and it is important to observe that this was Blum's state of mind in January 1924, subsequent to the commencement of the operation of the terms of the contract for that year.

6. When Article 13, as to the 3 months notice, was ignored by Blum, there was left the main body of the contract, a memorandum in writing; and the adding to this of revisions of 1924, writing by the agent of the Association, and therefore the agent of Blum, it cannot be said that the agreement of 1924 is contrary to 8621 GC.

7. There is no question, but that the contract is enforcible, and one of its considerations was lodged in the purpose and intent to prevent strikes and lockouts between the parties.

8. Although Landau's name does not appear in the agreement, yet if the terms are made for her benefit, the provisions are enforcible, if they are otherwise legally meritorius. Railway Co. v. Heller, 15 OA. 346.

Judgment affirmed.

(Levine, PJ., and Vickery, J., concur.)

Attorneys Lieghley, Halle, Haber & Berick for Company; Cline & Patterson for Landau; all of Cleveland.